UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 12-50059-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER FOR FURTHER BRIEFING ON DEFENDANTS' MOTIONS FOR STATEMENTS AND IMPEACHING MATERIAL** [DOCKET NOS. 290, 296, & 301) |
| | ) | |
| RICHARD MARSHALL, | ) | |
| ELWANDA FIRE THUNDER, and | ) | |
| KIMBERLY JANIS, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

The above three named co-defendants, along with 14 other named co-defendants, are charged with various drug conspiracies in violation of federal law. See Docket No. 3.[1]

---

[1] Defendants Richard Marshall and Kimberly Janis are charged in Count I with conspiracy to distribute methamphetamine. All three defendants are charged in Counts II and III with conspiracy to distribute marijuana and cocaine. Mr. Marshall alone is charged in Count IV with distribution of marijuana.

Pending is a drug conspiracy case involving the above-named defendants as well as 14 other named co-defendants. This case is scheduled for a jury trial on April 9, 2013.

On February 19, 20, and 25, 2013, the three above-named defendants made motions for an order compelling the government to provide certain statements made by co-defendants, co-conspirators, informants and witnesses as well as information about these potential trial witnesses such as their criminal histories, any consideration being offered for their testimony, and any history of psychiatric or substance abuse treatment. See Docket Nos. 290, 296, and 301. Mr. Marshall and Ms. Janis implicate their rights under Bruton[2] as well. See Docket Nos. 297, 301-1. The district court has now referred all three motions to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).[3]

On February 27, 2013, the government sought an extension of time to respond to the three defendants' motions and the district court granted that motion. Then on March 12, 2013, the government filed three generic, identical responses to each of the three defendants' motions. See Docket Nos. 330, 331, and 332. The government's responses did not identify what has been turned

---

[2]Bruton v. United States, 391 U.S. 123 (1968).

[3]Following the filing of the three instant motions, numerous other co-defendants joined in the three defendants' motions. Those additional motions have been referred to this magistrate judge as well.

over, what the government is refusing to turn over, nor the legal bases for the government's position with regard to this requested discovery. Instead, the government simply offers the assurance that it knows what must be turned over pursuant to the rules of discovery and the Constitution and that it has and will continue to turn over what is required.

Finding those briefs unacceptable inasmuch as they failed to set forth the specific facts in this case, the law applicable to the facts, and the government's rationale for withholding the requested discovery, the court ordered the government to file a supplemental brief addressing the law applicable to co-conspirators' statements, the law and facts with regard to defendants' Bruton argument, and the law and facts with regard to defendants' request for confidential informant information. See Docket No. 342. The government has now filed its supplemental brief.

However, the court also finds the government's supplemental brief to be unhelpful. The government cites repeatedly to a standard regarding admissibility of coconspirators' statements that has now been overruled. Specifically, the government argues that all it need show is that statements it wishes to offer at trial are "within a firmly rooted hearsay exception," and the statements will not violate any defendants' Confrontation Clause rights. See Government's Brief, Docket No. 359 at page 4 (citing Bourjaily v. United States, 483 U.S. 171, 181-84 (1987); White v. Illinois, 502 U.S. 346, 356 (1992)); and

at pages 6-7 (citing various pre-Crawford Eighth Circuit and Supreme Court cases).

In fact, what the government fails to acknowledge in its brief is the sea change in the law wrought by the Supreme Court's Confrontation Clause decision in Crawford v. Washington, 541 U.S. 36 (2003). Prior to Crawford, the admission of hearsay at trial was governed by the rule in Ohio v. Roberts, 448 U.S. 56 (1980). In Roberts, the Court had ruled that statements made by an unavailable witness against a criminal defendant were admissible at trial and did not violate the defendant's Sixth Amendment Confrontation Clause rights if the statements bore "adequate indicia of reliability," that is, that the statement either fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." Roberts, 448 U.S. at 66. Hence, when the government argues that "[t]he Confrontation Clause is satisfied when the out-of-court statement in question comes within a firmly rooted hearsay exception," (Government Brief, Docket No. 359 at pages 6-7) the government cites to the pre-Crawford standard of Ohio v. Roberts.

However, as noted above, Roberts is no longer the law and has not been the law for a decade. Crawford abandoned the firmly-rooted-hearsay-exception rule from Roberts and established a brand new standard for Confrontation Clause analysis concerning admissibility of hearsay in a criminal trial. The Crawford Court held that "out-of court statements by witnesses that are

testimonial are *barred*, under the Confrontation Clause, unless witnesses are unavailable *and* defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by the court." Crawford, 541 U.S. at 36 (emphasis added).

A key consideration in Crawford is whether the out-of-court statements are testimonial. The constitutional protections of the Confrontation Clause afforded to a defendant only apply when witnesses against him "bear testimony." Id. at 51. " 'Testimony,' in turn is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " Id. (quoting 2 N. Webster, An American Dictionary of the English Language (1828)). Although the Court in Crawford did not provide an exhaustive list of statements that are deemed testimonial, it stated that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Crawford, 541 U.S. at 68.

Defendants in this case also raise a Bruton issue as to the statements of coconspirators and confidential informants that might be used against them at trial where the coconspirators and confidential informants do not testify. The Supreme Court established in Bruton v. United States, 391 U.S. 123 (1968), that a defendant's Confrontation Clause rights under the Sixth Amendment are violated by the admission of a non-testifying codefendant's confession that

5

implicates the defendant.  Id. at 137.  The rule in Bruton, too, has altered post-Crawford, which should be anticipated since both decisions depend upon the Confrontation Clause of the Sixth Amendment for their analysis.

The Eighth Circuit addressed the intersection between Bruton and Crawford in United States v. Spotted Elk, 548 F.3d 641 (8th Cir. 2008), a case that was tried here in the Western Division of the District of South Dakota.  In Spotted Elk, five codefendants, including Colin Spotted Elk and Geraldine Blue Bird, were tried together on a charge of conspiracy to distribute cocaine and other related charges on the Pine Ridge Indian Reservation.  Id. at 646-50, 657.  Eleven other co-defendants did not proceed to trial, but rather entered guilty pleas.  Id. at 647, 647 n.2, and 657.  At trial, evidence was introduced of an out-of-court statement of Blue Bird's that implicated Spotted Elk.  Id. at 662.  A third co-defendant, Dawnee Frogg, who did not go to trial, testified that Blue Bird had made the statement to Frogg while both women were in jail.  Id.  Although Frogg testified, Blue Bird did not.  Id.  Spotted Elk argued that the introduction of Blue Bird's out-of-court statement implicating him violated his Confrontation Clause rights under Bruton.  Id.

The Eighth Circuit held that Crawford had further clarified the scope of the Confrontation Clause discussed in Bruton.  Id.  The court held that, after Crawford, "[i]t is now clear that the Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant."  Id. (citing Davis v.

6

Washington, 547 U.S. 813, 822 (2006); United States v. Singh, 494 F.3d 653, 658-659 (8th Cir. ), cert. denied, 128 S. Ct. 528 (2007) (holding that co-conspirators' statements in furtherance of the conspiracy were not testimonial under Crawford)). Because Blue Bird's out-of-court statements were made to co-defendant Frogg, the court held that the statements were not testimonial and, hence, did not fall within the purview of the Sixth Amendment's Confrontation Clause. Id.

The first brief filed by the government in response to defendants' requests for statements of coconspirators, codefendants, and confidential informants stated, in essence, "trust us, we know the law and we've complied with it." Then, in response to the court's request for more specific and detailed discussion of the law and the facts, the government filed a brief in which it revealed that it is operating under a decade-old misapprehension of what the law really is.

In this court's first order requesting that the government file further briefing, the court asked the government to provide information about the following:

> Do any of the statements that the government intends to use at trial implicate any of the moving defendants' confrontation rights under Bruton? If so, how does the government propose modifying the statements so as to avoid a Bruton problem? File the statements as an appendix to your brief as well as your proposed modification of the statements.

7

See Docket No. 342, ¶ 2, page 3.  In its supplemental brief, the government does not provide the requested information.

Obviously, in order to rule on defendants' Bruton argument it is necessary to know:  (1) are there statements by coconspirators, codefendants, or confidential informants which implicate the defendants which the government intends to introduce at trial; (2) if so, does the government intend to call the declarant to testify at trial; (3) if not, given the above law, the court must know sufficient details of the statements to determine whether the statement was "testimonial" or "nontestimonial"; and, finally, (4) if the statements are testimonial and the declarant will not be called at trial, and the declarant is one of the defendants who is on trial, can the statement be modified so as to inculpate the declarant without inculpating a defendant at the trial who is not the declarant.  The government's brief allows the court to conduct none of this analysis because it is wholly bereft of the necessary facts from which the analysis must spring.

Accordingly, the court hereby again

ORDERS that the government file another supplemental brief to Ms. Fire Thunder's motion to compel that sets forth the current applicable law, and that responds to each of the requested items in the court's original order for supplemental briefing, Docket No. 342, especially the statements that are relevant to the Bruton issue.  It is further

ORDERED that the government's brief be filed prior to close of business on Friday, March 29, 2013.

Dated March 25, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE