UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50059-01-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| RICHARD MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On May 15, 2012, defendant Richard Marshall was charged in a four count indictment with the following offenses: count I, conspiracy to distribute methamphetamine; count II, conspiracy to distribute marijuana; count III, conspiracy to distribute cocaine; and count IV, distribution of marijuana. (Docket 4). The indictment alleges Mr. Marshall conspired in count I with eight co-defendants, in count II with fourteen co-defendants, in count III with eight co-defendants, and in count IV he is alleged to have been acting alone. Id. All three of the conspiracy counts allege they occurred between October 2008 and the date of the indictment, May 15, 2012. Id.

Mr. Marshall filed a motion to sever the charges made against him and to sever his case from the cases of his co-defendants. (Docket 353). The government resists Mr. Marshall's motion. (Docket 391). For the reasons stated below, Mr. Marshall's motion to sever is denied.

1

# DISCUSSION

Federal Rule of Criminal Procedure 8 directs the joinder of charges against a defendant and the joinder of defendants. That rule provides:

> (a) Joinder of Offenses. The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

## JOINDER OF OFFENSES AGAINST DEFENDANT MARSHALL

Mr. Marshall argues the counts of the indictment should be severed for trial for the following reasons:

1. There is no requirement that the counts of this Indictment be tried together.

2. This Court has discretion . . . as to which counts should be tried together.

3. The counts of the Indictment involving Mr. Marshall range over such a long period of time, are so disparate, and involve many different and unknown persons.

4. There is no logical relationship between the offenses and parties charged.

5. The [jury] instructions . . . will confuse the jury to the prejudice of Mr. Marshall.

      6.     The time spent on trial would not involve any longer time than if all counts are tried together.

(Docket 354 at p. 2). In his reply to the government's opposition to the motion, Mr. Marshall argues "that if he is convicted of Count IV [the distribution of marijuana offense ]that [conviction] may be used to convict him of Count II [conspiracy to distribute marijuana] even though proof of that would be inadmissible in a separate trial." (Docket 417 at p. 2).

    "Under rule 8(a), two or more offenses may be joined if they are 'of the same or similar character.' " United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982). "The joinder of offenses pursuant to rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to [the] counts overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

    In the indictment, all of the conspiracy counts and the distribution count are alleged to have occurred during the same time period—October 2008 to May 2012. "[I]n a prosecution for a violation of narcotics laws, the defendant's complicity in other similar narcotics transactions may serve to establish intent or motive to commit the crime charged." Rodgers, 732 F.2d at

630. Moreover, "Federal Rule of Evidence 404(b) clearly states that prior crimes, wrongs, or acts may be admissible to prove intent and identity, as well as motive, opportunity, preparation, plan, knowledge, or absence of mistake or accident." Id. The court concludes the four counts of the indictment are properly joined under Rule 8(a).

Next, the court must determine if under Rule 14 the counts should be severed to avoid undue prejudice to Mr. Marshall. The rule provides: "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (internal citation omitted).

DEFENDANT MAY TESTIFY

Mr. Marshall argues "if [he] wishes to testify in his own behalf on one of the offenses, but not the other, he is forced to choose between testifying on both, or on neither." (Docket 354 at p. 4). "[S]everance of counts [is required] only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." United States v. Jardan, 552 F.2d 216, 220 (8th

4

Cir. 1977) (internal quotation marks and citation omitted). "In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.' " Id. (internal citation omitted). See also United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988) ("In order to gain a severance, a defendant must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts."). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. Jardan, 552 F.2d at 220.

CO-DEFENDANTS MAY WISH TO TESTIFY

Mr. Marshall also argues severance of the counts against him should occur because "a co-defendant . . . may wish to testify . . . [but] would be precluded because of his or her own jeopardy." (Docket 354 at p. 4). This argument "is wholly without merit since [he] has failed to show that any co-defendant would be willing to testify on his . . . behalf at a separate trial. A defendant is not entitled to severance on the weight of an 'unsupported possibility' that a co-defendant's testimony might be forthcoming at a separate

trial.'" United States v. Graham, 548 F.2d 1302, 1311 (8th Cir. 1977). "A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." Id. "An additional basis for overruling the severance motion[] . . . is that [the defendant] has shown his . . . co-defendants would offer exculpatory testimony if the co-defendants did testify at a separate trial." Id. at n. 9. See also United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir. 2008) ("The district court does not abuse its discretion in denying a motion to sever absent a 'firm representation' that a co-defendant would be willing to testify on the defendant's behalf.") (quoting United States v. Blaylock, 421 F.3d 758, 767 (8th Cir. 2005)).

Defendant's motion asserting misjoinder under Rule 8(a) or, in the alternative, for severance of the counts against him under Rule 14(a) is denied.

**JOINDER OF DEFENDANTS**

Mr. Marshall argues the case against him must be severed from the case of the co-defendants for a number of reasons, summarized as follows:

1. The defendants named in all three conspiracy counts entered and left the various conspiracies at differing times;

2. The defendants named in all three conspiracy counts had a varying relationship with Abraham Romero, a defendant charged in a separate conspiracy case who has entered a guilty plea . . . ; and

3. The events forming the basis for the three different conspiracies occurred at differing times, such that the defendants are not all connected to the same acts or series of acts.

6

(Docket 354 at p. 3). Generally, Mr. Marshall argues joinder is improper under Rule 8(b) because there are three separate conspiracies alleged as opposed to one overall conspiracy.

The United States Supreme Court expressed a preference in favor of joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534 (1993). "Joint trials play a vital role in the criminal justice system." Id. at 537 (internal quotation marks and citation omitted). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. (internal quotation marks and citation omitted).

Determining if Mr. Marshall is entitled to a separate trial from his co-defendants is a two-step process. First, the court must determine if joinder is proper under Rule 8(b), and then whether severance is proper under Rule 14. See United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 349 (U.S. 2011)

"Under Fed. R. Crim. P. 8(b), mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder. . . . Rule 8(b) does not allow joinder on the same basis as rule 8(a); the words 'same or similar character' are specifically omitted from rule 8(b). . . . It is well established that similarity of offenses is not a sufficient basis for joinder under rule 8(b)." Bledsoe, 674 F.2d at 656 (internal citation omitted). "Rule 8(b)

requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Id. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Id. at 656-57.

"When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses. . . . In other words, the government may not tack 8(a) and 8(b) together and in one indictment charge different defendants with committing unrelated offenses of 'similar character.'" United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (internal citation omitted). To properly analyze the misjoinder of offenses claim involving several defendants, the court must apply Rule 8(b). Id.

Mr. Marshall urges the court to consider information beyond the indictment to decide if joinder of the co-defendants is proper. (Docket 417 at pp. 1-2). As authority for this proposition, Mr. Marshall cites United States v. Grey Bear, 863 F.2d 572, 583-84 (8th Cir. 1988). (Docket 417 at p. 2). Grey Bear was an *en banc* decision in which the United States Court of Appeals for the Eighth Circuit was evenly divided, five to five. Id. at p. 573. "The order affirming the district court by an equally divided en banc court has no precedential value." Id. The law in the Eighth Circuit, after Grey Bear, is that "[a]n indictment must reveal on its face a proper basis for joinder." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (referencing Bledsoe, 674 F.2d at 655).

On its face, the indictment clearly alleges, particularly with respect to Mr. Marshall, that he was actively engaged in three separate conspiracies with his co-defendants and others for the purpose of distributing a variety of drugs in the District of South Dakota. The common operative present in this indictment is Mr. Marshall, who through an alleged series of activities and transactions carried out a plan with an interlocking network of others to distribute drugs. "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." Wadena, 152 F.3d at 848 (referencing Jones, 880 F.2d at 61). As in Wadena, "[j]oinder of all counts was proper under Federal Rule of Criminal Procedure 8(b)." Id.

9

Next, the court must determine whether severance under Rule 14 should be granted. The rule provides: "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A court will permit severance only upon a showing of real prejudice to an individual defendant." Payton, 636 F.3d at 1037 (internal quotation marks and citation omitted). "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing." Id. (internal quotation marks and citations omitted).

"Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that *this conflict alone demonstrates that both are guilty*. . . . Severance is not mandated whenever codefendants have conflicting defenses." Id. (internal quotation marks and citation omitted) (emphasis in original).

Mr. Marshall argues "[t]he discovery provided by the government shows that the great bulk of the defendants had no interaction with one another and that they had isolated interactions with persons not named in the indictment."

10

(Docket 354 at p. 4). He believes:

> [E]vidence of Defendant Romero's[1] wrongdoing for many years with many people on separate occasions will lead a jury to conclude that Marshall is also guilty because Romero uses his name. The evidence from the search warrants show that significant guns, money, and drugs were found in Defendant Romero's home, with a marked absence of any evidence of guns, drugs or money from Marshall's mother's property. Yet, the expected testimony from Romero highlighting his isolated buyer and seller transactions serve to unfairly group Marshall with other defendants.

Id. at pp. 4-5.

Mr. Marshall has not carried his burden of showing real prejudice to his defense at trial because of the potential testimony of Mr. Romero. Evidence of Mr. Romero's drug activities with Mr. Marshall or his co-defendants does not support a "guilt by association" claim, but rather illustrates each member of the conspiracies allegedly was aware of Mr. Romero's participation in a drug conspiracy, or their drug conspiracy, and the nature and quality of each defendant's participation in the activities constituting the conspiracy. The court's jury instructions will direct the jury to evaluate the elements of each conspiracy count in light of all the evidence presented. Mr. Marshall is not entitled to have the counts against him severed from trial of his co-defendants. Rule 14(a).

---

[1] Mr. Romero is not a defendant in this indictment. Rather, Abraham Romero is a defendant in the case of United States v. Abraham Romero, et al., 5:11-cr-50090-JLV, Western Division, District of South Dakota. Defendants Richard Marshall, Lorenzo Camacho Tarango, and Reyes Chavez-Rojo, were originally co-defendants in a superseding indictment in that case. (Docket 26). On the government's motion, the superseding indictment against these three men was dismissed on June 19, 2012. (Dockets 79, 79 & 80)

11

For the same reasons stated above, Mr. Marshall's claim his trial must be severed from the trial of the co-defendants so that one or more of them may testify on his behalf is inadequate to justify severance. Graham, supra; Crumley, supra.

Defendant's motion asserting improper joinder of counts under Rule 8(a), misjoinder with co-defendants under Rule 8(b) or, in the alternative, for severance from the co-defendants under Rule 14(a) is denied.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendant Richard Marshall's motion for severance of counts or for severance from the co-defendants (Docket 353) is denied.

Dated June 18, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE